**Tyrone A. QUILLER, Plaintiff–Appellant,**

v.

**Officer BYRD, Defendant–Appellee,**

and

**Mr. Strahan; Ernest Sutton, Superintendent; Norse Koeblin, Defendants.**

No. 03–6625.

United States Court of Appeals, Fourth Circuit.

Submitted June 19, 2003.

Decided June 30, 2003.

Tyrone A. Quiller, Appellant Pro Se. Elizabeth F. Parsons, Office of the Attorney General of North Carolina, Raleigh, North Carolina, for Appellee.

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

PER CURIAM.

Tyrone A. Quiller seeks to appeal the district court's order substantially adopting the magistrate judge's report and recommendation and dismissing Quiller's 42 U.S.C. § 1983 (2000) action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R.App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5) or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (quoting *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order was entered on the docket on March 7, 2003. The notice of appeal was filed on April 13,

2003.* Because Quiller failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. Further, we deny Quiller's motion to amend his informal brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

---

\* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. *See* Fed. R.App. P. 4(c); *Houston v.* *Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).